# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

TOMSIK PHOTOGRAPHY, LLC,

        Plaintiff,

vs.

BEVERLY CLARK ENTERPRISES, LLC and
BEVERLY S. CLARK,

        Defendants.

Case No. 2:15-cv-01718-APG-GWF

**ORDER**

This matter is before the Court on Plaintiff's Ex-Parte Motion for Enlargement of Time to Serve Defendants by Publication (#11), filed on April 4, 2016.

Pursuant to Fed. R. Civ. P. 4(e), the state statutes in which the District Court is held are followed in matters pertaining to service of summons by publication. N.R.C.P. 4(e)(1)(i) states that the court may permit service by publication if, after due diligence shown, the plaintiff is unable to find the defendant(s) within the state, or they are avoiding the service of summons. The plaintiff must prove this to the satisfaction of the court either by affidavit or by a verified complaint. The Nevada Supreme Court has held that there is no objective, formulaic standard for determining what is, or is not, due diligence. *Abreu v. Gilmer,* 985 P.2d 746, 749 (1999).

Plaintiff argues that it has shown due diligence by attempting to serve Defendant Beverly Clark Enterprises, LLC 's registered agent (Beverly S. Clark) on three occasions at the address listed on the California Secretary of State website (1567 E. Valley Road, Santa Barbara, CA 93108). Plaintiff attempted service at the address listed on Defendants' website (104 W. Anapamu Street, Suite K, Santa Barbara, CA 93101) but this address was no longer current. Plaintiff also attempted service at a physical address of Defendants that was found following an address search (1421 W.

Mountain Drive, Santa Barbara, CA 93103).  Finally, Plaintiff attempted service by sending a copy of the summons, complaint, and waiver of service via certified U.S. Mail return receipt requested to the 1567 E. Valley Road and 1421 W. Mountain Drive addresses.  However, both mailings were returned unexecuted.  As such, the Court finds that Plaintiff has demonstrated due diligence in attempting service on Defendants Beverly Clark Enterprises, LLC and Beverly S. Clark that would warrant permitting service by publication.  Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Ex-Parte Motion for Enlargement of Time to Serve Defendants by Publication (#11) is **granted**.  Defendants Beverly Clark Enterprises, LLC and Beverly S. Clark may be served by publication of the summons in this case at least once a week for four (4) consecutive weeks in the Nevada Legal News, which is a newspaper of general circulation published in Las Vegas, Nevada.

**IT IS FURTHER ORDERED** that Plaintiff shall publish a copy of the summons in this case at least once a week for four (4) consecutive weeks in a newspaper of general circulation published in Santa Barbara, California.

**IT IS FURTHER ORDERED** that Plaintiff shall deposit a copy of the summons and complaint in the post office via first class certified mail directed to Defendants Beverly Clark Enterprises, LLC and Beverly S. Clark at their last known physical addresses: 1) 1567 E. Valley Road, Santa Barbara, CA 93108 and 2) 1421 W. Mountain Drive, Santa Barbara, CA 93103.

**IT IS FURTHER ORDERED** that Plaintiff shall have until **July 6, 2016**, to complete service upon Defendants Beverly Clark Enterprises, LLC and Beverly S. Clark.

DATED this 7th day of April, 2016.

_____
GEORGE FOLEY, JR.
United States Magistrate Judge